**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>David Paul Flanigan,<br><br>     Debtor | Chapter 13<br><br>Case No. 24-21191 (JJT) |

**MEMORANDUM OF DECISION AND**
**ORDER GRANTING MOTION TO DISMISS**

On December 9, 2024, the Debtor, David Paul Flanigan, filed for Chapter 13 bankruptcy protection (ECF No. 1). On March 4, 2025, the Chapter 13 Trustee ("Trustee") filed a Motion to Dismiss Case for Failure to Make Plan Payments and Delay Prejudicial to Creditors ("Motion," ECF No. 24). On April 16, 2025, the Debtor filed an Objection to the Motion (ECF No. 32). A hearing was held on the Motion and the Objection on April 17, 2025. For the following reasons, the Motion to Dismiss is GRANTED.

In the Trustee's Motion to Dismiss (ECF No. 24), she asserts that the Debtor has failed to: (i) maintain plan payments; (ii) appear and testify at a properly noticed first meeting of creditors pursuant to Section 341 of the Bankruptcy Code; (iii) provide the Trustee with the documents necessary for her to determine if the Plan complies with 11 U.S.C. § 1325(a)(4), and provides for the distribution to unsecured claims of an amount that is not less than what they would receive in a Chapter 7 liquidation; and (iv) provide the Trustee with the documents necessary for her to determine if the Plan is feasible or represents the Debtor's best efforts,

including: (a) payment advices or other evidence of income received by the Debtor for the six full months preceding the petition date; (b) State and Federal income tax returns for the two years preceding the filing; (c) petition date bank statements; (d) property valuations for real or personal property; and (e) payment advices or other evidence of payment received by the Debtor updated to the time of confirmation.

The Debtor filed an Objection to the Motion on April 16, 2025 (ECF No. 32). Therein, the Debtor contended that: (i) he had supplied the Trustee with tax returns for 2023 and 2024; (ii) through unemployment benefits, he will begin receiving at least $193 per week within the next ten (10) days, and that he will soon be in receipt of a retroactive benefits check, both of which will allow the Debtor to pay the overdue plan payments; (iii) he will supply the Trustee with documents concerning the valuation of his property; (iv) the City of Meriden possesses only an inchoate unperfected lien and that the matter is in litigation;[1] and (v) he will present an amended plan and seeks a reasonable period of time for its submission.

A hearing was held on the Motion and Objection on April 17, 2025. The Trustee appeared at the hearing, but the Debtor did not. There, the Trustee observed that although a Chapter 13 Plan had been filed[2] (ECF No. 9), it was not accompanied by a Certificate of Service. She also stated that although the Debtor's Objection noted that he may have more funds incoming, unemployment benefits and a retroactive benefits check are insufficient to permit the Debtor to qualify as

---

[1] The Court notes that the Debtor has not referenced any pending cases, nor is the Court able to discern that any cases between the City of Meriden and the Debtor are currently pending in the State of Connecticut.

[2] The Debtor also filed a First Amended Chapter 13 Plan (ECF No. 16).

an individual with regular income as Chapter 13 requires. 11 U.S.C. §§ 101(30) and

109(e).  Furthermore, the Trustee flagged that the meeting of creditors required

under 11 U.S.C. § 341 had not been completed and that the Debtor had not

appeared at the meeting, that she has received no Plan payments, that the Plan

fails to pay priority claims in full, and that the Plan fails to provide appropriate

interest on secured claims.

Counsel for the City of Meriden also appeared at the hearing pertaining to its

Proof of Claim No. 8[3] and asserted its belief that the principal goal of the Chapter

13 filing was to stop a foreclosure proceeding on a dilapidated and unoccupied

property located at 52 Hillside Avenue in Meriden. Counsel for the City further

confirmed that the Debtor indeed did not appear at the meeting of creditors.

The Court dismissed the case on the record noting its forthcoming statement

of reasons in a written opinion.

The Court concludes that the Debtor has failed to appropriately proceed in

this case as the Bankruptcy Code requires. The Trustee's proffer in that regard is

undisputed. Despite the Debtor's contentions that he will receive income shortly, he

has failed to rebut the Trustee's assertion that he has not maintained Plan

payments. Further, the Debtor has not attended the meeting of creditors as the

Bankruptcy Code requires nor has he provided the Trustee with all of the

documents required for her assessment of the proposed Plan. The Debtor has also

failed to propose a confirmable Plan and to submit a Certificate of Service alongside

---

[3] The City of Meriden's claim concerns property maintenance and blight liens per Connecticut General Statutes § 49-73b.

his proposed Plan. Finally, the Court observes that the Debtor failed to appear and prosecute his Objection to the Trustee's Motion at the hearing held on April 17, 2025. The Debtor's compound failures to satisfy all of these aforementioned obligations and to proceed in good faith in this bankruptcy proceeding provides this Court with abundant cause to dismiss this Chapter 13 case with prejudice and to impose a bar to refiling pursuant to 11 U.S.C. §§ 105(a), 349(a), and 1307(c) in order to prevent abuse of the bankruptcy process.

For the reasons expressed above, the Court GRANTS the Motion to Dismiss with a 120-day bar to any bankruptcy refiling based upon the Debtor's egregious noncompliance.

IT IS SO ORDERED at Hartford, Connecticut this 21st day of April 2025.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

4